**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-Mail: maimons@aol.com

Attorney for Plaintiffs
STEVE YANG, HONG-
THE YANG, IVY YANG,
JASON YANG, YANG &
CHANG INTERNATIONAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE YANG; HONG-THE YANG; IVY YANG; JASON YANG; YANG & CHANG INTERNATIONAL,<br><br>Plaintiffs,<br><br>v<br><br>CITY OF RIVERSIDE,, a municipal corporation; RUTH MENDOZA, sued Individually and in her Official Capacity as the City Code Enforcement Officer of the City of Riverside; CITY OF RIVERSIDE CODE ENFORCEMENT OFFICERS DOES 1-8; DOES 9-10 INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs STEVE YANG, HONG-THE YANG, IVY YANG, JASON YANG, YANG & CHANG INTERNATIONAL (collectively "Plaintiffs," or individually "SY," "HTY," "IY," "JY," "YCI") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Sections 1983 and 3604(b), et seq.

## PARTIES

2. Plaintiffs are the legal and beneficial owners and operators of real property commonly known as the PALM INN ("Motel"). located at 10518 Magnolia Avenue, Riverside, Ca 92505 that is a multi unit commercial Motel.

3. Defendant CITY OF RIVERSIDE a municipal corporation, was at all times material herein an incorporated municipality in Riverside County, CA, duly formed under the laws of the State of California. ("City," or collectively with all other defendants "Defendants").

4. The Defendant RUTH MENDOZA ("RM" or collectively with the other defendants "Defendants") was, and is at all material times a City Code Enforcement Officer of the City and is sued individually and in her official capacity.

2

5.   CITY OF RIVERSIDE CODE ENFORCEMENT  OFFICERS DOES 1-8, ("CO 1-8" or collectively with the other defendants "Defendants")  were at all material times herein employees and individual code enforcement officers of the City.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

7.   Plaintiffs are successful motel owners and operators who have for years successfully operated the Motel

8.   During the time that Plaintiffs have owned and operated the Motel, they have done so lawfully and in compliance with all local, state and federal laws.

9.  In 2024, the Defendants, and each of them, working in concert with the knowledge and approval of the City Council, AN, and RR, and began to implement and execute a policy intended to close and drive the Plaintiffs, and other motels in the zone where the Motel is located out of business for purpose of allowing third party developers purchase the Motel at a depressed value, and for the purpose of driving low income minority guests who reside at the Motel and other motels in the zone.

10. Pursuant to the policy stated in paragraph 9 above, the Defendants, and each of them devised a plan to implement the policy set forth in paragraph 9 above, by having City Code Enforcement Officers and City Police officers make multiple and numerous unannounced warrantless and non-consensual entries onto the Motel, and the private areas of the Motel, including the locked motel units, and cite alleged building code violations and calls for service of the City Municipal Code ("RMC") with the intent to place a receiver at the Motel, and other motels in the zone where the Motel is located, in order to close them. .

11.  However, in taking the actions set forth in paragraphs 9-10 above, the Plaintiffs timely complied with all of the requirements of the RMC and local and state building codes and the alleged calls for service were not as the City claims, rather the Plaintiffs have been extremely diligent in maintaining the Motel in conformance with the requirements of the CMC and has not operated as a public nuisance.

12.  Pursuant to the policy stated in paragraph 9 above, the City devised a plan to implement the policy set forth in paragraph 9 above, by having the City Finance Department audit the Motel on a yearly basis regarding the collection by Plaintiffs of the City Transient Occupancy Tax ("TOT") imposed by the City on guests residing at the Motel for the first thirty (30) days of occupancy, even though other motels outside the zone where the Motel is located, were not audited on a yearly basis.

13.   In in taking the actions set forth in paragraph 12 above, the City demanded and inspected, pursuant to the RMC, the Motel registers and other business records, including bank records, without a warrant or subpoena or consent of the Plaintiffs.

14.   Pursuant to the policy stated in paragraphs 9-13 above, on February 11, 2026, the Defendants, and each of them, came unannounced and without a warrant or consent of the Plaintiffs, and entered and inspected approximately over fifty (50) motel rooms that were not open to the public, and cited the Plaintiffs with a Notice and Order to Comply ("Notice") that cited the Motel with alleged numerous RMC and state and local building code violations, giving the Plaintiffs only a few days to correct the alleged violations, and imposed severe administrative monetary penalties on Plaintiffs as a result of the alleged violations.

15.   The Defendants, and each of them, in taking the actions stated in paragraph 14 above, demanded in the Notice that not only that Plaintiffs correct the alleged violations, but demanded that the Plaintiffs make available without a warrant, that said Defendants be allowed to enter the Motel, and the motel rooms inspected to determine if Plaintiffs had complied with the Notice.

16.   No appeal hearing is provided for in RMC for contesting the fines and alleged violations in the Notice, rather the RMC and City policy, only permits a process for a hearing before an outside hearing officer paid by the City and unilaterally designated as such, to hear the matter after the City determines that the alleged violations have not been corrected pursuant to the Notice.

17.   On February 24, 2026, the Plaintiffs delivered and filed with the City and RM, a written appeal letter of the Notice and the administrative fines objecting on various federal constitutional grounds, including, the Fourth Amendment of the United States Constitution, that the February 11, 2026 inspection of the Motel and the administrative fines were illegal and demanded a hearing before an independent hearing officer chosen and agreed upon by the Plaintiffs and the City.

18. In the February 24, 2026 appeal letter to the City, the Plaintiffs further demanded that the Defendants, and each of them, not enter the Motel without the express written consent of the Plaintiffs, or a warrant.

19. Rather than comply with Plaintiffs' appeal letter and the requests stated in paragraphs 17-18 above, on March 19, 2026, the City and RM, upon the instructions, consent and knowledge of the City Council and the City Attorneys Office, delivered to Plaintiffs a letter requesting that they sign and return by March 29, 2026, a written consent to permit the Defendants, and each of them, to inspect the public and private areas of the Motel for RMC and state and local building code violations.

20. In taking the actions set forth in paragraph 19 above, the City and RM, threatened the Plaintiffs with legal action if they did not provide the written consent.

21. On February 11, 2026, at approximately 9:37 a.m., and before the inspection of the Motel set forth in paragraph 14above, the City recorded in the official records of the County of Riverside, as Instrument No. 2026-0073799, a Notice of Pendency of Administrative Proceedings declaring that the Motel was in violation and a dangerous building in violation of RMC and various City codes.

22. In taking the actions set forth in paragraph 21 above, the City did not provide Plaintiffs a hearing and notice and opportunity to be heard before taking such actions and have not provided the Plaintiffs with a hearing and notice and opportunity to be heard after taking such actions.

23. The Plaintiffs, and each of them, have suffered great economic and non-economic losses to date, including, but not limited to, a substantial loss of their reputations, business good will, and a substantial diminution of the value of the properties and their business.

Based on the above facts, Plaintiffs allege the following claims.

# FIRST CLAIM OF RELIEF

## (Violation of 42 U.S.C. Section 1983 by All Plaintiffs
## Against All Defendants)

24.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-23 above.

25.   Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the Defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Riverside, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C.  Section 1983.

26.   Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause and Association Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and Eighth and Fourteenth Amendment of the United States Constitution Excessive Fines Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment; and Contract Clause, Article I, Section 10, of the

United States Constitution.

27. Plaintiffs further allege that in doing all of the things herein mentioned, the City, and the Defendants, and each of them,, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, as described in paragraphs 1-23 set forth herein, pursuant to the City's official policy, custom or practice.

28. Individual Defendants, including the Defendants, RM and CO 1-8, are not entitled to any immunity, qualified or otherwise, and those defendants whose identity are unknown now, are not entitled to qualified immunity.

29. As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $20,000,000.00 against each Defendant. Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 3604(b), et seq. by All Plaintiffs Against All Defendants)

30. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-29 above.

31. Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the Defendants, and each of them, violated and further threaten to violate the federal statutory rights of Plaintiffs and their minority guests and patrons under 42 U.S.C. Section 3604(b), et seq., the Federal Fair Housing Act ("FHA").

33.   Individual Defendants, including the Defendants RM, and CO 1-8, are not entitled to any immunity, qualified or otherwise, and those defendants whose identity are unknown now, are not entitled to qualified immunity.

34.   As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $20,000,000.00 against all of the Defendants.  Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 3613.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1.   For damages according to proof at trial but believed to be not less than $20,000,000.00;

2.   For attorney's fees;

**SECOND CLAIM FOR RELIEF**

3.   For damages according to proof at trial but believed to be not less than $20,000,000.00;

4.   For attorney's fees;

**FOR ALL CLAIMS FOR RELIEF**

5.   For costs of suit;

6.   For such other and further relief as the Court deems proper.

Dated: March 26, 2026          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

_____

FRANK A. WEISER, Attorney for for Plaintiffs STEVE YANG, HONG-THE YANG, IVY YANG, JASON YANG, YANG & CHANG INTERNATIONAL

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: March 26, 2026          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

_____

FRANK A. WEISER, Attorney for for Plaintiffs STEVE YANG, HONG-THE YANG, IVY YANG, JASON YANG, YANG & CHANG INTERNATIONAL